IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| LAWASKI CHANNEL, #662763 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-154 |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| TDCJ-CID | § | |

## **REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of Lawaski Channel, an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division. The Court has jurisdiction over the parties and subject matter pursuant to a judgment and sentence entered by the 23rd District Court of Brazoria County, Texas. Petitioner was sentenced to forty years imprisonment for assaulting a public servant.

Although Petitioner was found guilty on February 21, 2002, the judgment was signed by the trial judge on April 15, 2002. As the Texas appellate court held, the time for filing a notice of appeal under Texas law began on February 21, 2002 because a written judgment is merely a record of events that have occurred and does not itself establish the date of conviction. *Channel v. State,* No. 01-02-00481-CR (Tex. App. - Houston [1st Dist.] July 25, 2002); *Rodarte v. State*, 860 S.W.2d 108, 109-110 (Tex. Crim. App. 1993). Petitioner filed a notice of appeal after the deadline for doing so had expired, and the appellate court dismissed the appeal on July 25, 2002 for lack of jurisdiction. Petitioner did not file a Petition for Discretionary Review ("PDR").

Petitioner filed three state habeas writs pursuant to Article 11.07 of the Texas Code of Criminal Procedure. The first was filed on August 6, 2002 and was dismissed on December 11, 2002 because Petitioner's appeal was still pending at the time of filing. The second writ was filed on July 24, 2003 and was dismissed without written order on December 3, 2003. The third was filed on February 17, 2004 and was dismissed on April 7, 2004 for failing to comply with Texas Appellate Rule 73.2. The instant writ was filed in federal court on March 1, 2005.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires prisoners who desire to file a habeas writ in federal court to do so within one year of the date on which the time for seeking review of the underlying conviction became final. 28 U.S.C. § 2244(d)(1)(A). In this case, the limitations period began when the time for filing a PDR expired thirty days after the appellate court dismissed Petitioner's appeal on August 22, 2002. Because that day fell on a Sunday, Petitioner's PDR was due on September 23, 2002. The AEPDA period then began on September 24, 2002.

The statutory period is tolled while a properly-filed writ is pending in state court. 28 U.S.C. § 2244(d)(2). A writ is properly filed only when it is submitted according to the state's procedural requirements. *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999). Neither Petitioner's first nor third Article 11.07 writs tolled the statutory period. The Fifth Circuit has held that an Article 11.07 writ is not properly filed when a direct appeal is still pending in state court. *Larry v. Dretke*, 361 F.3d 890, 895-96 (5th Cir. 2004). The state writ's delivery and acceptance must be in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The limitations period was therefore only tolled when Petitioner properly filed his second writ on July 24, 2003. By that date, 304 days had already

lapsed in the limitations period, leaving only 61 days in which to file the federal writ. The AEDPA's statutory period was tolled until the second state writ was denied on December 3, 2003. The remaining 61 days then expired on February 2, 2004. The instant writ is therefore time-barred from consideration.

Having conducted a preliminary review of the instant petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **RECOMMENDS** the Petition for a Writ of Habeas Corpus of Lawaski Channel (Instrument No. 1) be **SUMMARILY DISMISSED as time barred.**

The Clerk **SHALL** send copies of this Report and Recommendation to the Petitioner. Petitioner **SHALL** have until **August 31**, **2005,** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. <u>The Objections shall be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553</u>. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____11th_____ day of August, 2005.

John R. Froeschner
United States Magistrate Judge